**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION**

DENTSPLY INTERNATIONAL, INC.,
and TULSA DENTAL PRODUCTS LLC
d/b/a TULSA DENTAL SPECIALTIES

       Plaintiffs,

v.

US ENDODONTICS, LLC

       Defendant.

Civil Action No. 2:14-cv-00196

Judge J. Ronnie Greer
Magistrate Judge Clifton L. Corker

## <u>DENTSPLY'S OPPOSITION TO DEFENDANT'S MOTION TO STAY</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................... ii

TABLE OF ABBREVIATIONS ................................................................................................... vi

I.      DEFENDANT HAS NOT ESTABLISHED THAT THE CIRCUMSTANCES
JUSTIFY STAYING THESE PROCEEDINGS. ............................................................... 1

      A.     Legal standard. ...................................................................................................... 6

      B.     The stage of these proceedings militates against a stay. ........................................ 6

      C.     Defendant's motion for a stay should be denied because a stay would
unduly prejudice Dentsply and give Defendant a tactical advantage. .................. 11

      D.     A stay will resolve some—but far from all—of the issues in the case. ................ 13

      E.     Equitable considerations favor denial of Defendant's motion to stay. ................. 15

II.     CONCLUSION ............................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

*ADA Solutions, Inc. v. Engineered Plastics, Inc.*,
826 F. Supp. 2d 348 (D. Mass. 2011) ....................................................................... 11

*Apple, Inc. v. Samsung Elecs. Co.*,
No. 11-1846, 2012 WL 2527044 (N.D. Cal. July 2, 2012) .................................... 12

*Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*,
No. 12-1727, 2013 WL 6133763 (M.D. Fla. Nov. 21, 2013) ................................... 5

*Avago Techs. Fiber IP (Singapore) PTE. Ltd. v. IPtronics Inc.*,
No. 10-2863, 2011 WL 3267768 (N.D. Cal. July 28, 2011) .................................. 11

*Belden Techs., Inc. v. Superior Essex Commc'ns LP*,
No. 08-63, 2010 WL 3522327 (D. Del. Sept. 2, 2010)........................................... 13

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
No. 12-1107, 2014 WL 1369721 (D. Del. Apr. 7, 2014) ......................................... 5

*Capriola Corp. v. LaRose Indus., LLC*,
No. 12-2346, 2013 WL 186834 (M.D. Fla. Mar. 11, 2013) ..................................... 7

*Card-Monroe Corp. v. Tuftco Corp.*,
No. 14-292, 2015 U.S. Dist. LEXIS 31459 (E.D. Tenn. Feb. 19, 2015) ................. 6, 11, 12, 14

*Cooper Notification, Inc. v. Twitter, Inc.*,
No. 09-865, 2010 WL 5149351 (D. Del. 2010)...................................................... 11

*Dane Techs., Inc. v. Gatekeeper Sys., Inc.*,
No. 12-2730, 2013 WL 4483355 (D. Minn. Aug. 20, 2013)................................... 14

*DDS Tech. Mgmt., Inc. v. Apple, Inc.*,
No. 14-5330, 2015 WL 1967878 (N.D. Cal. May 1, 2015)...................................... 5

*Everlight Elecs. Co. v. Nichia Corp.*,
No. 12-11758, 2013 U.S. Dist. LEXIS 61666 (E.D. Mich. Apr. 20, 2013) ........... 11, 12, 13, 14

*IMAX Corp. v. In-Three, Inc.*,
385 F. Supp. 2d 1030 (C.D. Cal. 2005) .......................................................... 4, 5, 9

*Indiana State Police Pension Trust v. Chrysler LLC*,
556 U.S. 960 (2009)................................................................................................. 6

*Interface, Inc. v. Tandus Flooring, Inc.*,
No. 13-46, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013) ......................................... 5

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)..............................................................................................6

*Malibu Boats, LLC v. Nautique Boat Co.*,
  Civ. No. 13-656, 2014 WL 3866155 (E.D. Tenn. Aug. 6, 2014) ....................................passim

*Market-Alerts Pty., Ltd. v. Bloomberg Fin. L.P.*,
  922 F. Supp. 2d 486 (D. Del. 2013)......................................................................12

*NFC Tech. LLC v. HTC Am., Inc.*,
  No. 13-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ..................................................5

*Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*,
  565 F.2d 393 (6th Cir. 1977) ..............................................................................6

*PersonalWeb Techs., LLC v. Apple Inc.*,
  69 F. Supp. 3d 1022 (N.D. Cal. 2014) ..................................................................5

*Power Survey, LLC v. Premier Utility Servs., LLC*,
  No. 13-5670, 2015 WL 687716 (D. N.J. Feb. 18, 2015) ..............................................4

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*,
  324 U.S. 806 (1945)..........................................................................................14

*Radio Sys. Corp. v. E. Mishan & Sons, Inc.*,
  No. 13-383, 2014 WL 1870775 (E.D. Tenn. Mar. 28, 2014) ..................................................5

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
  659 F.3d 1142 (Fed. Cir. 2011) ............................................................................9

*Scvngr, Inc. v. eCharge Licensing, LLC*,
  No. 13-12418, 2014 WL 4804738 (D. Mass. Sept. 25, 2014)..................................................14

*Smart Modular Techs., Inc. v. Netlist, Inc.*,
  12-2319, 2013 WL 2384342 (E.D. Cal. May 30, 2013) ..........................................................5

*Smartflash LLC v. Apple, Inc.*,
  No. 13-447, 2014 U.S. Dist. LEXIS 92615,  (E.D. Tex. July 8, 2014) ........................11, 13, 14

*Steuben Foods, Inc. v. GEA Process Eng'g, Inc.*,
  No. 12-904, 2015 WL 1014588 (W.D. N.Y. Mar. 9, 2015) ..............................................14, 15

*The Proctor & Gamble Co. v. Team Techs., Inc.*,
  No. 12-552, 2013 WL 4830950 (S.D. Ohio Sept. 10, 2013) ..................................................12

*Trover Group, Inc. v. Dedicated Micros USA*,
  No. 13-1104, at 2015 U.S. Dist. LEXIS 29572 (E.D. Tex. Mar. 11, 2015) ..............................2

*US Endodontics, LLC v. Gold Standard Instruments, LLC*,
  Case No. IPR2015-00632, (P.T.A.B. Aug. 5, 2015) ................................................. 7, 9, 13, 15

**Statutes**

35 U.S.C. § 102 ......................................................................................................... 3, 8, 14

35 U.S.C. § 103 ............................................................................................................. 8, 14

35 U.S.C. § 112 .................................................................................................................... 8

35 U.S.C. § 141 .................................................................................................................. 10

35 U.S.C. § 311(b) ............................................................................................................. 14

35 U.S.C. § 312(a)(2) ........................................................................................................ 14

35 U.S.C. § 315(b) ........................................................................................................ 13, 14

35 U.S.C. § 315(c) ............................................................................................................. 10

35 U.S.C. § 315(e) ............................................................................................................. 14

35 U.S.C. § 316(a)(11) ...................................................................................................... 10

35 U.S.C. § 319 .................................................................................................................. 10

**Rules**

37 C.F.R. § 42.104 ............................................................................................................ 14

37 C.F.R. § 42.106(a) ........................................................................................................ 14

37 C.F.R. § 42.107(c) .......................................................................................................... 2

37 C.F.R. § 42.71 .............................................................................................................. 10

37 C.F.R. § 42.8(a)(1) ....................................................................................................... 14

Fed. R. Civ. P. Rule 26(a) ................................................................................................... 1

**Regulations**

Amendments to the Rules of Practice for Trials Before the Patent Trial and Appeal Board,
  80 Fed. Reg. 50,720 (Aug. 20, 2015) ............................................................................... 2

**Other Authorities**

Ryan Davis, *New AIA Review Rules Would Help Patent Owners Fight Back*,
   Law360 (Aug. 19, 2015, 9:35 PM) ........................................................................................... 2

# TABLE OF ABBREVIATIONS

| | |
|---|---|
| Hr'g Tr. vol. I | Preliminary Injunction Hearing Transcript, Volume I, Nov. 25, 2014 |
| Hr'g Tr. vol. II | Preliminary Injunction Hearing Transcript, Volume II, Nov. 26, 2014 |
| '773 patent | U.S. Patent 8,727,773 (Doc. No. 102, Ex. A) |
| '341 patent | U.S. Patent 8,562,341 (Doc. No. 102, Ex. B) |
| PTAB | Patent Trial and Appeal Board |
| PTO | United States Patent and Trademark Office |
| Dentsply | Dentsply International, Inc. and its subsidiary Tulsa Dental Products LLC d/b/a Tulsa Dental Specialties |
| US Endo | US Endodontics, LLC |
| Edge Endo | Edge Endo, LLC |
| Guidance | Guidance Endodontics LLC |
| Alapati | Satish B. Alapati, *An Investigation of Phase Transformation Mechanisms for Nickel-Titanium Rotary Endodontic Instruments*, (2006) (unpublished Ph.D. dissertation, The Ohio State University) (Doc. No. 104, Ex. Z) |
| Gao | U.S. Patent Application Pub. 2011/0271529 (Doc. No. 104, Ex. X) |
| Gil | Gil *et al.*, *Relevant Aspects in the Clinical Applications of NiTi Shape Memory Alloys*, 7 J. Mater. Sci. Mater. Med. 403 (1996) (Doc. No. 104, Ex. AE) |
| Khier | Khier *et al.*, *Bending Properties of Superelastic and Nonsuperelastic Nickel-Titanium Orthodontic Wires*, 99 Am. J. Orthodon. Dentofacial Orthop. 310 (1991) (Doc. No. 104, Ex. AC) |
| Kuhn | Kuhn *et al.*, *Fatigue and Mechanical Properties of Nickel-Titanium Endodontic Instruments*, 28 J. Endod. 716 (2002) (Doc. No. 104, Ex. R) |
| McSpadden | U.S. Patent Application Pub. 2002/0137008 (Doc. No. 104, Ex. U) |
| Miura | Miura *et al.*, *The Super-Elastic Property of the Japanese Niti Alloy Wire for use in Orthodontics*, 90 Am. J. Orthodon. Dentofacial Orthop. 1 (1986) (Doc. No. 104, Ex. T) |
| Walak | U.S. Patent 6,485,507 (Doc. No. 104, Ex. AD) |
| Walia | Walia *et al.*, *An Initial Investigation of the Bending and Torsional Properties of Nitinol Root Canal Files*, 14 J. Endod. 346 (1988) (Doc. No. 104, Ex. S) |
| § 102 | 35 U.S.C. § 102 |
| § 103 | 35 U.S.C. § 103 |
| § 112 | 35 U.S.C. § 112 |

On June 24, 2014, Dentsply International, Inc. filed a Complaint against Defendant US Endodontics, LLC ("US Endo") for infringement of two patents that are licensed exclusively to Dentsply, U.S. Patent Nos. 8,727,773 ("the '773 patent") and 8,562,341 ("the '341 patent"), and then promptly filed a motion for a preliminary injunction. This Court held a two-day evidentiary hearing on that motion on November 25 and 26, 2014. On June 29, 2015, almost seven months after that evidentiary hearing, and after both this Court and the parties had spent substantial time and efforts on the case, Defendant notified this Court of two *inter partes* review ("IPR") petitions that it had filed with the United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") against the '773 patent. Defendant now moves to stay this case pending the IPR proceeding instituted by the PTAB based on Defendant's first petition. Dentsply International, Inc. and its subsidiary Tulsa Dental Products LLC d/b/a Tulsa Dental Specialties (collectively "Dentsply") hereby oppose Defendant's motion to stay and ask that it be denied.

## I. DEFENDANT HAS NOT ESTABLISHED THAT THE CIRCUMSTANCES JUSTIFY STAYING THESE PROCEEDINGS.

As explained in more detail below, Defendant has not established that the relevant factors favor granting its motion for a stay. *First*, the stage of the proceedings in this case favors denial of a stay. This Court and the parties have already spent substantial time and efforts on the case. Pursuant to the Court's expedited discovery order, the parties exchanged Rule 26(a) disclosures, produced thousands of pages of documents, exchanged interrogatories and responses, and conducted nine depositions, including depositions of the inventor and four experts, two for plaintiff and two for defendant. The Court held a two-day mini trial, hearing testimony from numerous witnesses on the issues of infringement, invalidity, and irreparable harm, and has read extensive pre- and post-hearing briefs (1196 pages, including declarations and exhibits). This Court has had an opportunity to observe (and participate in) the examination and cross-

1

examination of the inventor and both parties' experts (four), and to form conclusions regarding their reliability and credibility. By contrast, the administrative law judges at the PTAB based their institution decision on an abbreviated, unbalanced, paper record, under rules that prohibit Dentsply from even filing an expert declaration to respond to the expert declaration that Defendant submitted. 37 C.F.R. § 42.107(c). These rules have been so widely recognized as one-sided and unfair to patent owners that the Patent and Trademark Office itself has recently proposed substantial revisions to them in order to inject more fairness into the proceeding. *See* Ex. A, Ryan Davis, *New AIA Review Rules Would Help Patent Owners Fight Back*, Law360 (Aug. 19, 2015, 9:35 PM); Ex. B, Amendments to the Rules of Practice for Trials Before the Patent Trial and Appeal Board, 80 Fed. Reg. 50,720, at 50725-26 (comment 1), 50741 (comment 41), 50743-44, 50746-47 (Aug. 20, 2015).

Defendant delayed in filing its IPR petition and this motion until after the Court and parties expended all of this time and effort, and in filing a second IPR petition on the last day allowed statutorily. The evidentiary record in the IPR proceeding will not be completed until 2016, and final resolution of the IPR is more likely to take three years, not one, as Defendant suggests. The procedure will then be repeated in this Court unless the IPR proceedings result in all of the '773 patent claims being cancelled or disallowed and the Federal Circuit sustains that ruling.[1]

---

[1] Present statistics show that only 36% of instituted IPR proceedings result in *all* claims being cancelled or disallowed. Ex. C at 9, United States Patent and Trademark Office, Patent Trial and Appeal Board Statistics 7/31/2015. However, courts have observed that such statistics are not "especially enlightening as to the likely disposition of any particular patents or claims, since the likelihood of invalidation depends entirely on the particulars of the patents and claims in dispute." *Trover Group, Inc. v. Dedicated Micros USA*, No. 13-1104, at 2015 U.S. Dist. LEXIS 29572, at *13 (E.D. Tex. Mar. 11, 2015) (Federal Circuit Judge Bryson, sitting by designation).

*Second,* granting a stay would cause Dentsply undue prejudice and give Defendant a clear tactical advantage—another factor that weighs against staying this case. The parties are direct competitors, and Dentsply has presented uncontroverted evidence that Defendant does not have the ability to pay a money judgment for damages incurred over the course of the litigation—even without taking into account the further delay that would be caused by a stay. Dr. Goodis, who owns Defendant and its sister company, Edge Endo, has structured these companies so that Defendant owns few assets and is effectively judgment proof, as essentially acknowledged by Defendant's own economics expert at the hearing before this Court. Defendant has almost nothing to lose by continuing its infringement during the stay period. As a result, even if it wins on the merits, Dentsply still loses unless an injunction is entered because it will almost certainly be unable to collect damages from Defendant. Dentsply's irreparable harm only increases as time passes without injunctive relief. Staying the case pending final resolution of the IPR, which may take three years including appeal, unduly prejudices Dentsply and results in an unfair tactical advantage to Defendant. By contrast, if the Court grants Dentsply's motion for a preliminary injunction, a bond will protect Defendant's financial interests pending the final resolution of the case.

Defendant's delay also gave Defendant another unfair tactical advantage over Dentsply. Defendant has not raised any invalidity arguments in its IPR petitions that it was precluded from raising with this Court, and there are no invalidity issues in Defendant's IPR petitions that this Court cannot itself decide. Defendant's delay in filing its IPR petition let it preview Dentsply's claim construction and validity positions in this Court, and gave Defendant multiple chances at a

potentially dispositive defense. Defendant's motion to stay is just the latest step in a strategy to end-run this Court.[2]

Moreover, because Defendant did not present any arguments or evidence in its IPR petitions that it could not have presented to this Court, granting a stay based on the PTAB's institution decision also would give inappropriate and unfair weight to arguments Defendant did not make in this litigation. *See Power Survey, LLC v. Premier Utility Servs., LLC*, No. 13-5670, 2015 WL 687716, at *5-6 (D. N.J. Feb. 18, 2015) (institution decision based on argument and evidence not raised with the court does not entitle Defendant to reconsideration of preliminary injunction ruling because those arguments and evidence were waived).

The third factor, whether a stay will simplify the issues for trial, also weighs against a stay, because the IPR proceeding can resolve only some of the issues in this case. The PTAB does not have jurisdiction to decide all of Defendant's invalidity defenses. Nor can the PTAB resolve issues of infringement, damages, or injunctive relief. Moreover, there is another patent in suit for which Defendant is time-barred from seeking IPR review. The litigation has to move forward with that patent anyway.

The district courts in *Malibu Boats, LLC v. Nautique Boat Co.*, No. 13-656, 2014 WL 3866155 (E.D. Tenn. Aug. 6, 2014), and *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030 (C.D. Cal. 2005), were faced with situations very similar to this: a motion by plaintiff for a preliminary injunction, followed by a motion by defendant to stay the case pending PTO proceedings of one of multiple patents in suit. *Malibu Boats*, 2014 WL 3866155, at *1 (inter

---

[2] Notably, the PTAB has rejected Defendant's argument, which it also made to this Court, that claim 1 lacks written description support, is not entitled to a 2004 or 2005 priority date, and is invalid under § 102 as anticipated by intervening prior art—Gao, Heath, and Alapati. Doc. No. 99 at 16.

partes review); *IMAX*, 385 F. Supp. 2d at 1031-33 (ex parte reexamination). The courts denied the motions for stays in both cases. In *Malibu Boats*, the court concluded that a stay would unduly prejudice the plaintiff and give the defendant a tactical advantage because the parties were direct competitors, would have limited impact on simplifying the case because the IPR only related to one of three patents in suit, and "the Court has devoted considerable time and resources to familiarizing itself with the underlying facts of the parties' dispute as well as the relevant case law, as have the parties." 2014 WL 3866155, at *2-*5. In *IMAX*, the court concluded that a stay would not save the court and parties much effort because "the parties have already submitted volumes of evidence for this Court to consider in connection with their motions for preliminary injunctions. Much of that evidence related directly to the issues [defendant] raised before the PTO." *IMAX.*, 385 F. Supp. 2d at 1033. The court also concluded that plaintiffs would be prejudiced by a stay because the PTO could not decide all of the invalidity issues in the case, issues would still remain for the court after the PTO proceedings concluded, and further delay could damage the parties irreparably because they were direct competitors. *Id.* This Court should deny Defendant's motion for a stay for the same reasons as *Malibu Boats* and *IMAX*.[3]

---

[3] All of the stay decisions upon which Defendant relies are distinguishable on their facts. It was emphasized in *DDS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-5330, 2015 WL 1967878 (N.D. Cal. May 1, 2015) and *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, No. 12-1107, 2014 WL 1369721 (D. Del. Apr. 7, 2014), that the parties were not competitors. In *Radio Sys. Corp. v. E. Mishan & Sons, Inc.*, No. 13-383, 2014 WL 1870775 (E.D. Tenn. Mar. 28, 2014), there had been no fact discovery and plaintiff had not moved for a preliminary injunction. The early stage of the case and the fact that expert discovery was not near completion was emphasized in *NFC Tech. LLC v. HTC Am., Inc.*, No. 13-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015), *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022 (N.D. Cal. 2014), *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 12-1727, 2013 WL 6133763 (M.D. Fla. Nov. 21, 2013), *Smart Modular Techs., Inc. v. Netlist, Inc.*, 12-2319, 2013 WL 2384342 (E.D.

## A.     Legal standard.

"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the party requesting a stay bears the burden of showing that the circumstances justify the exercise of that discretion." *Indiana State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (internal quotations and citations omitted). A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[A] court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

A court must consider three factors when determining whether to stay a case pending *inter partes review* proceedings: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay would simplify the issues of the case; and (3) the stage of the proceedings." *Card-Monroe Corp. v. Tuftco Corp.*, No. 14-292, 2015 U.S. Dist. LEXIS 31459, at *5 (E.D. Tenn. Feb. 19, 2015); *Malibu Boats,* 2014 WL 3866155, at *2. None of these individual factors controls the analysis; a court should consider the "totality of the circumstances." *Id.*

## B.     The stage of these proceedings militates against a stay.

When determining whether the stage of the proceedings weighs in favor or against a stay, courts consider the work the court and parties have completed, and the work that lies ahead. *See Card-Monroe*, 2015 U.S. Dist. LEXIS 31459, at *11. The more the case has advanced, the

---

Cal. May 30, 2013), and *Interface, Inc. v. Tandus Flooring, Inc.*, No. 13-46, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013).

greater this factor weighs against a stay. *Id.* Courts also consider whether a stay might conserve the court's and parties' resources. *Id.*

Defendant erroneously asserts that this case is in the early stages. Doc. No. 193 at 7. Dentsply filed this case fourteen months ago. Defendant's argument minimizes the enormous amount of time and efforts that this Court and the parties have undertaken thus far. The parties and the Court have expended substantial time and efforts on issues of claim construction, infringement, invalidity, and irreparable harm. This is not a case where a party moves for a stay early in the proceedings and before the parties and the court have performed much work. *Cf. Capriola Corp. v. LaRose Indus., LLC*, No. 12-2346, 2013 WL 186834, at *3 (M.D. Fla. Mar. 11, 2013) (staying litigation in the "incipient stage").

*First*, the parties and this Court have invested substantial time and efforts on claim construction. This was necessary largely because Defendant changed its claim construction arguments to this Court. Remarkably, Defendant changed them again in its IPR petition—asking the Board to *adopt* the very construction that Dentsply proposed to this Court—which is that the heat treatment in the claims is *atmosphere-neutral*.[4] The Board has preliminarily agreed with Dentsply's claim construction positions. Doc. No. 192, Ex. A at 8-12.

*Second*, the parties and the Court have already invested substantial time and efforts on the issue of infringement. Defendant forced Dentsply to take discovery and present testimony on

---

[4] Defendant initially asked this Court to adopt a claim construction that reads into the claims a requirement that the nickel titanium be *martensitic*. Doc. No. 64, ¶¶ 37-38. Defendant abandoned that argument and presented no evidence about it at the preliminary injunction hearing. Defendant *now* asks this Court to adopt a *different* claim construction, which reads into the claims a requirement that the heat-treatment step be performed in an *unreactive atmosphere*. That construction directly contradicts the construction it adopted for purposes of its IPR petition, which is that the claims are atmosphere-neutral. *US Endodontics, LLC v. Gold Standard Instruments, LLC*, Case No. IPR2015-00632, at 6-7 (P.T.A.B. Jan. 30, 2015) (Paper 2, Petition For *Inter Partes* Review).

infringement because Defendant initially disputed that its heat-treatment process infringes the '773 patent's temperature limitations, and then conceded that it infringes this limitation after requiring Dentsply to expend time and effort establishing this fact. Defendant also raised the defense that its unheated shanks are not superelastic prior to heat-treatment, but offered no evidence, again requiring Dentsply to expend time and effort establishing it.[5]

*Third*, the parties and the Court have already invested substantial time and effort on the issue of validity, due to the fact that Defendant has continuously shifted its invalidity arguments in this litigation, asserting a dozen different bases for invalidity under §§ 102, 103 and 112, and then abandoning almost all of them prior to the preliminary injunction hearing.[6] Defendant continues its moving-target strategy at the PTO by raising additional invalidity arguments there.

This Court heard Defendant's expert, Dr. Goldberg, on cross-examination, make critical admissions that much of the art upon which he bases his invalidity opinion teaches away from Dr. Luebke's invention, and fails to teach the bend test required by the patent claims. Hr'g Tr. vol. II, 99-100, 104-05. This Court also heard substantial evidence regarding *objective* indicia of non-obviousness. Importantly, the PTAB's institution decision was not based on any of the testimony this Court heard. The PTAB's decision does not even acknowledge the existence of, much less refer to or discuss, any of the testimony from the hearing, including the critical

---

[5] Dentsply presented substantial and undisputed testimony that the accused files likely are superelastic prior to treatment. Hr'g Tr. vol. I, 258-260. Defendant has never *denied* (even at the hearing) that its unheated shanks are superelastic. Dr. Goldberg, admitted at the hearing that there is no evidence that the files are *not* superelastic prior to heat treatment, and that he has no opinion on this issue because Defendant never asked him to test the files that they gave him. Hr'g Tr. vol. II, 15, 63-64.

[6] Defendant presented no testimony at the hearing that the asserted claims are invalid under § 102 as anticipated by Kuhn. Hr'g Tr. vol. II, 36-42, 48-49, 55. It presented no testimony that the claims are invalid under § 112 for lack of enablement or indefiniteness. Defendant only argued that claim 1 is invalid under § 103 for obviousness over different combinations of Miura, Walia, Kuhn, McSpadden, Khier, Walak, and Gil.

admissions by Dr. Goldberg regarding the deficiencies in Kuhn and the fact that McSpadden teaches away from Dr. Luebke's invention. Hr'g Tr. vol. II, 99-105. Moreover, Defendant has just last week filed objections with the Board in an attempt to prevent the Board from considering the preliminary injunction hearing testimony. *See* Ex. D (*US Endodontics, LLC v. Gold Standard Instruments, LLC*, case no. IPR2015-00632 (P.T.A.B. Aug. 19, 2015) (Paper 31, Petitioner's First Set of Objections to Patent Owner's Exhibits)). Defendant thus realizes that the preliminary injunction hearing testimony does not support their positions in court or in the PTAB.

*Fourth*, this Court and the parties have invested substantial time and resources on the issue of irreparable harm. This Court has received evidence that Defendant bases its entire endodontic file business on making heat-treated files that are advertised as substitutes for Dentsply's files at "half the cost." Doc. No. 102, Exs. G-J, Z, AA, K (Exs. 1-3; Apps. A-D), Tr. vol. I, 183-84, 186-89. This Court heard Defendant's economics expert, Dr. Jeffrey Stec, admit that Defendant has barely enough capital to pay a $250,000 judgment, and could not pay a $500,000 judgment. Hr'g Tr. vol. II, 180-81, 185. *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1155 (Fed. Cir. 2011) (inability to pay a judgment establishes irreparable harm).

This litigation has progressed to a point where a prolonged delay would waste much of the time and effort this Court and the parties have invested. The invalidity evidence offered to this Court related directly to the issues Defendant has raised in its IPR petitions. The PTAB has so far ignored the testimony this Court has heard, and Defendant wants to keep the PTAB from considering it in the future. A stay will, as a practical matter, render irrelevant the time and effort that this Court has already devoted to this case. *See, e.g.*, *Malibu Boats*, 2014 WL 3866155, at *5; *IMAX*, 385 F. Supp. 2d at 1033.

Moreover, a stay would be particularly wasteful of this Court's and the parties' time and effort considering Defendant's delay in filing its IPR petition and this motion. Dentsply served Defendant with its Complaint for patent infringement on June 25, 2014, and Defendant had one year from that date to file an IPR petition on the patents in suit. Defendant waited until January 30, 2015 to file an IPR petition on one patent only—after the parties had conducted substantial discovery, after this Court had conducted a two-day hearing, and after the parties filed their post-hearing briefs.

Moreover, Defendant's suggestion that the IPR proceeding will conclude in less than one year is incorrect. Doc. No. 193 at 1, 5, 7, 8, 11, 12. The ultimate outcome of the IPR proceeding, and its impact on this case, will not be determined for several years. *See Malibu Boats*, 2014 WL 3866155, at *5. That is because, under the statutory provisions and corresponding regulations governing the IPR process, an IPR proceeding normally takes one year from the date of institution, but the PTAB can extend the proceeding up to an additional six months, or even longer if Defendant's second IPR petition is instituted or Defendant seeks to join the proceedings—which Defendant admits it likely will do. Doc. No. 195 at 5 n.4. *See* 35 U.S.C. §§ 315(c), 316(a)(11). Furthermore, whichever side loses then has the right first to request reconsideration by the PTAB, and then to judicial review by the Federal Circuit. *See* 35 U.S.C. §§ 141, 319; 37 C.F.R. § 42.71. An appeal to the Federal Circuit is likely to take at least another 10 months or so. *See* Ex. E, U.S. Court of Appeals for the Federal Circuit, *Median Disposition Time for Cases Decided by Merits Panels*. Thus, final resolution of the IPR is likely to take about three years from the time Defendant filed its petition. *See Malibu Boats*, 2014 WL 3866155, at *3 (recognizing that an IPR may take up to eighteen months, and longer for an appeal to the Federal Circuit). And unless the PTAB cancels all of the '773 patent claims, and the Federal

Circuit sustains that ruling, the procedure could be repeated in the district court—delaying final resolution for several more years. Staying the case for an indefinite amount of time while the IPR proceedings take place not only wastes the work this Court has already done, it also increases the chances that witnesses may become unavailable, their memories may fade, and evidence may be lost. *Smartflash LLC v. Apple, Inc.*, No. 13-447, 2014 U.S. Dist. LEXIS 92615, at *9 (E.D. Tex. July 8, 2014).

C. **Defendant's motion for a stay should be denied because a stay would unduly prejudice Dentsply and give Defendant a tactical advantage.**

Dentsply has a recognized interest in timely enforcement of its patent rights, *Smartflash*, 2014 U.S. Dist. LEXIS 92615, at *15-16. Dentsply has not found any case where a judge for the Eastern District of Tennessee, when presented with a motion to stay pending IPR, has stayed a patent infringement case brought against a direct competitor, even where the patentee either did not seek preliminary injunctive relief against the competitor, or sought but was denied a preliminary injunction. *See Card-Monroe*, 2015 U.S. Dist. LEXIS 31459, at *7-8, n.3 (denying stay pending IPR and finding undue prejudice to plaintiff by a direct competitor, even though the plaintiff did not seek injunctive relief); *Malibu Boats*, 2014 WL 3866155, at *3 (denying stay pending IPR and finding undue prejudice to plaintiff by a direct competitor, even after denying plaintiff's motion for preliminary injunction). Other courts also have not stayed such cases. *See Everlight Elecs. Co. v. Nichia Corp.*, No. 12-11758, 2013 U.S. Dist. LEXIS 61666, at *21 (E.D. Mich. Apr. 20, 2013) (denying stay pending IPR filed by direct competitor); *ADA Solutions, Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 351 (D. Mass. 2011) (same); *Avago Techs. Fiber IP (Singapore) PTE. Ltd. v. IPtronics Inc.*, No. 10-2863, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011) (same); *Cooper Notification, Inc. v. Twitter, Inc.*, No. 09-865, 2010 WL 5149351, at *5 (D. Del. 2010) (same).

The judges for this district have recognized that a stay of a patent infringement case usually unduly prejudices the patent owner that has timely sought to enforce its right to exclude against a direct competitor, specifically because of the inherent risk that the competitor may never fully compensate the patent owner for its infringement during the stay period. *See Card-Monroe*, 2015 U.S. Dist. LEXIS 31459, at \*6-7. They have also recognized that a direct competitor's continued infringement has the potential to adversely affect the patent owner's reputation, sales, market share, and prices. *Id.*; *Malibu Boats*, 2014 WL 3866155, at \*2. Accordingly, judges in this district have been especially reluctant to stay patent infringement proceedings against a direct competitor, *id.*, as have other courts. "Courts routinely deny requests for stay during the pendency of PTO proceedings where the parties are direct competitors." *The Proctor & Gamble Co. v. Team Techs., Inc.*, No. 12-552, 2013 WL 4830950, at \*2 (S.D. Ohio Sept. 10, 2013) (quoting *Everlight Elecs.*, 2013 U.S. Dist. LEXIS 61666, at \*21).

Here, the prejudice to Dentsply if a stay were granted would be extraordinary. As discussed above, Defendant does not have the ability to pay a judgment. Therefore, there is no financial downside to Defendant continuing its infringement during the stay period. If this case were stayed, Dentsply will lose even if it ultimately wins on the merits, because Defendant cannot compensate Dentsply for the harm it will suffer during the stay period. Enjoining Defendant and denying its motion to stay is the only way to protect Dentsply from further irreparable harm. If an injunction issues and a stay is denied, a bond will protect Defendant's interests if it ultimately prevails. *See, e.g.*, *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-1846, 2012 WL 2527044, at \*8 (N.D. Cal. July 2, 2012) (denying stay pending appeal of preliminary injunction).

Defendant's strategy to delay filing its IPR petition after briefing on the preliminary injunction concluded, and in filing a second IPR petition on the last day allowed, further exacerbates the disadvantage to Dentsply. *Market-Alerts Pty., Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, at 495-96 (D. Del. 2013). This delay gave Defendant a tactical advantage by receiving a preview of Dentsply's claim construction and validity positions before filing its IPR petition. *Cf. Belden Techs., Inc. v. Superior Essex Commc'ns LP*, No. 08-63, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010) (noting that "[a] request for reexamination made well after the onset of litigation followed by a subsequent request to stay may lead to an inference that the moving party is seeking an inappropriate tactical advantage"). Moreover, as discussed above, Defendant also made a tactical decision to present different claim construction and invalidity arguments to the PTAB than to this Court. Defendant has abandoned four of the prior art references upon which it relied in this litigation (Walia, Miura, Heath, and Alapati), and relies upon five new references cited for the first time in its two IPR petitions. Doc. No. 99 at 9-14, 16; Doc. No. 192, Ex. 6 at 5-6; *US Endodontics, LLC v. Gold Standard Instruments, LLC*, Case No. IPR2015-01476 (P.T.A.B. Jan. 30, 2015) (Paper 2, Petition For *Inter Partes* Review). Defendant's splitting of invalidity theories gives it the tactical advantage of multiple chances at a potentially dispositive defense. *Smartflash*, 2014 U.S. Dist. LEXIS 92615, at *16-17.

> **D.     A stay will resolve some—but far from all—of the issues in the case.**

The potential simplification of the issues factor also favors denying a stay. A stay will always simplify the issues in the litigation to some extent, but a number of courts have minimized this factor because, "to truly simplify the issues…the outcome of the [PTO proceeding] must finally resolve all issues in the litigation." *Everlight*, 2013 U.S. Dist. LEXIS 61666, at *24 (citation omitted). The IPR proceeding cannot finally resolve all issues in this litigation. Although an invalidity decision in Petitioner's favor, if upheld on appeal, would

preclude Dentsply from asserting any claims of the '773 patent found to be invalid, Defendant

filed an IPR request only with respect to the '773 patent, and now is statutorily time-barred from

seeking IPR of the other patent in suit—the '341 patent. 35 U.S.C. § 315(b). Courts generally

deny stays where the defendant petitions for review of less than all of the patents in suit. *See,*

*e.g., Scvngr, Inc. v. eCharge Licensing, LLC*, No. 13-12418, 2014 WL 4804738, at *10 (D.

Mass. Sept. 25, 2014); *Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, No. 12-2730, 2013 WL

4483355, at *2 (D. Minn. Aug. 20, 2013). The fact that the outcome of the IPR would not

"finally resolve" the issues in the litigation weighs against a stay. *Malibu Boats*, 2014 WL

3866155, at *4; *Card-Monroe*, 2015 U.S. Dist. LEXIS 31459, at *10.

The IPR proceeding also will not narrow the litigation in several other important respects.

*First*, Dentsply's claims for infringement, damages, and injunctive relief lie outside the IPR

proceeding. The PTAB does not have jurisdiction to resolve any of those issues. *Second*, this is

the only forum that can address all of the invalidity issues relating to the patents in suit.

Defendant has raised invalidity arguments in the present litigation that it did not, or could not,

raise in its IPR petitions. *See* Doc. No. 99 at 17 (enablement); *id*. at 18 (indefiniteness). A

petitioner may challenge the validity of a patent claim in an IPR petition only under 35 U.S.C.

§§ 102 (anticipation) or 103 (obviousness), and then only "on the basis of prior art consisting of

patents or printed publications." 35 U.S.C. § 311(b). Thus, unless the PTAB finds every claim of

the '773 patent invalid, invalidity issues will remain. This would remove one of the oft-cited

benefits of PTO review. *Smartflash*, 2014 U.S. Dist. LEXIS 92615, at *12-13; *see also Everlight*,

2013 U.S. Dist. LEXIS 61666, at *27 ("Beyond the PTO's guidance regarding cancellation or

modification, its decision will be of little value in resolving the [patent's] claims and

counterclaims.").

**E.  Equitable considerations favor denial of Defendant's motion to stay.**

A request for a stay constitutes an appeal to equity, and unclean hands weighs against such relief. *Steuben Foods, Inc. v. GEA Process Eng'g, Inc.*, No. 12-904, 2015 WL 1014588, at *4 (W.D. N.Y. Mar. 9, 2015). "He who comes into equity must come with clean hands." *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945). Identification of all real parties in interest is a mandatory requirement for a complete IPR petition. 35 U.S.C. § 312(a)(2); 37 C.F.R. §§ 42.106(a), 42.104, 42.8(a)(1). Proper identification of all real parties in interest is required because of the important estoppel and time-bar provision set forth in 35 U.S.C. §§ 315(b) and (e). Defendant did not identify all of the real parties in interest when it filed its petition. Defendant eventually identified its owners, Dr. Goodis and Mr. Bennett, but did not identify as real parties in interest two sister companies also owned by Dr. Goodis: (1) Edge Endo, which purchases endodontic file shanks that Defendant heat-treats with the method accused of infringing the '773 patent, and then sells the heat-treated files to the public; and (2) Guidance—which developed the product specification. It was not until after Gold Standard filed its preliminary response to Defendant's IPR petition asking that the petition be denied, *inter alia*, for failure to identify all real parties in interest, that Defendant sought leave to add Edge Endo and Guidance, and then only reluctantly and without admitting that Edge Endo and Guidance are real parties in interest. *US Endodontics, LLC v. Gold Standard Instruments, LLC*, Case No. IPR2015-00632 (P.T.A.B. May 27, 2015) (Paper 15, Petitioner's Motion For Leave to Add Two Real Parties-In-Interest, at 1). Defendant's unclean hands further weighs against granting a stay. *Steuben Foods*, 2015 WL 1014588, at *4.

**II.  CONCLUSION**

Defendant has failed to show justification for staying this litigation, and Dentsply respectfully requests that its motion to stay be denied.

Dated: August 28, 2015                    Respectfully submitted,


By      */s/ Jimmie C. Miller*
        Jimmie C. Miller (BPR#009756)
        Hunter Smith & Davis LLP
        1212 North Eastman Road
        Kingsport, TN 37664
        (423) 378-8852

        Steven Lieberman
        C. Nichole Gifford
        R. Elizabeth Brenner-Leifer
        Derek F. Dahlgren
        Jason M. Nolan
        Rothwell, Figg, Ernst & Manbeck, P.C.
        607 14th St., N.W., Suite 800
        Washington, DC 20005
        Phone: (202) 783-6040
        Facsimile: (202) 783-6031
        E-Mail: slieberman@rfem.com

        *Counsel for Plaintiffs Dentsply International Inc. and
        Tulsa Dental Products LLC d/b/a Tulsa Dental
        Specialties*


## CERTIFICATE OF SERVICE


        I hereby certify that on the 28th day of August, 2015, a copy of the foregoing was filed
electronically using the Court's ECF system. Notice of this filing will be sent by operation of the
Court's electronic filing system to all parties indicated on the electronic filing receipt. All other
parties will be served by regular U. S. Mail. Parties may access this filing through the Court's
electronic filing system.


**HUNTER, SMITH & DAVIS, LLP**

        *s/Jimmie C. Miller*