UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DENTSPLY INTERNATIONAL, INC. and<br>TULSA DENTAL PRODUCTS, LLC, d/b/a<br>TULSA DENTAL SPECIALITIES,<br>Plaintiffs, | ) | |
| v. | ) | No. 2:14-CV-196 |
| U S ENDODONTICS, LLC,<br>Defendant. | ) | |

**ORDER**

This matter is before the Court on the motion of Defendant US Endodontics, LLC ("US Endo") for a stay of the above-captioned case pending completion of *inter partes* review of U.S. Patent No. 8,727,773 ("the '773 patent") by the United States Patent and Trademark Office ("Patent Office"), [Doc. 191]. Dentsply International, Inc. ("Dentsply") has responded in opposition to US Endo's motion to stay, [Doc. 194], and US Endo has replied, [Doc. 195]. For the reasons which follow, the motion will be DENIED.

US Endo filed a petition with the Patent Office on January 30, 2015, requesting that the Patent Office institute *inter partes* review and find all 17 claims of the '773 patent unpatentable as anticipated and/or obvious under 35 U.S.C. §§ 102, 103. On August 5, 2015, the Patent Office instituted *inter partes* review, finding that "the information presented in the petition establishes a reasonable likelihood that US Endo will prevail in showing that claims 1–17 [of the '773 patent] are unpatentable.[1]" A final written decision regarding the patentability of claims 1-17 is expected within one year of the institution decision, or by August 5, 2016. If the Patent Office finds the patent invalid, the patent is cancelled, and any infringement litigation becomes moot. 35

[1] A second request by US Endo for *inter partes* review of the '773 patent was denied on October 26, 2015.

U.S.C. § 311. If the Patent Office finds the patent valid, US Endo will be estopped from asserting invalidity, on the same grounds, in this litigation. 35 U.S.C. § 315(e)(2).

This Court has discretion to stay the action pending the Patent Office's review. 35 U.S.C. § 318; *Proctor & Gamble Company v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008). In determining whether or not to grant a stay, however, the Court "must tread carefully. . ., since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Environmental Council v. U.S. District Court, Southern District of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977). Courts generally weigh three factors in determining whether to grant a stay pending *inter partes* review: (1) Whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay would simplify the issues of the case; and (3) the stage of the proceedings. *Proctor & Gamble Company v. Team Techs., Inc*., 2013 WL 4830950, at * 1 (S.D. Ohio, Sept. 10, 2013). These factors are not controlling, however, and the Court's decision whether to grant a stay pending *inter partes* review "should be based upon the totality of the circumstances." *Universal Elec., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp.2d 1028, 1031 (C. D. Cal. 2013).

US Endo first argues that Dentsply will not be prejudiced by any stay and that, even if Dentsply can show prejudice, the benefits of a stay "far outweigh any prejudice Dentsply could conceivably suffer." [Doc. 193 at 11]. US Endo argues that the *inter partes* review process is much quicker than an *inter partes* reexamination and a decision is expected by August 5, 2016. Dentsply responds that it has a recognized interest in timely enforcement of its patent rights and this case, against a Dentsply direct competitor, should not be stayed. Dentsply notes that there is an inherent risk that the competitor may never fully compensate the patent owner for its infringement during the stay period and points to evidence, introduced at the evidentiary hearing

on Dentsply's motion for preliminary injunction, that the defendant does not have the ability to pay a judgment and "Dentsply will lose even if it ultimately wins on the merits." [Doc. 194 at 12].

On this factor, the Court agrees with Dentsply. As noted by Judge Varlan of this district in *Malibu Boats, LLC v. Nautique Boat Company, Inc*., "[c]ourts routinely deny requests for stay during the pendency of PTO proceedings where the parties are direct competitors." 2014 WL 3866155 at * 2 (E.D. Tenn. August 6, 2014) (Varlan C. J.) (citing *Everlight Elec., Co. Ltd. v. Nichia Corp*., 2013 WL 1821512, at * 8 (E.D. Mich. April 30, 2013); *Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5140573, at * 5 (D. Del. Dec. 13, 2010) ("Courts are reluctant to stay proceedings where the parties are direct competitors."); *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp.2d 848, 852 (S.D. Tex. 2009)). In this case, Dentsply and US Endo are direct competitors and, while the time for review by the Patent Trial and Appeals Board ("PTAB") may be relatively short, that delay presents very specific potential harms to plaintiff if it ultimately proves successful on its infringement claim. And, even though the Court has denied Dentsply's motion for preliminary injunction, the testimony at that hearing establishes that defendant may be unable to pay any substantial judgment to Dentsply and, thus, any delay in the case will represent a financial windfall to US Endo. That is particularly true where, as in this case, the damages award may be large and the defendant's ability to pay a judgment doubtful. This factor weighs very heavily against the stay requested.

On the second factor, US Endo argues that there are significant issues in this case as shown by the PTAB's conclusion that US Endo has a "reasonable likelihood" of prevailing on those issues and that the PTAB will either invalidate some or all claims of the patent, in which case no further proceedings will be necessary, or will confirm the patentability of some or all

claims, thus simplifying the issues in question in the trial of the case. Denial of the stay, according to US Endo, will require the parties to litigate all of the issues in the case, such as claim construction, infringement and damages, as well as the validity of the patent in light of the prior art. US Endo notes that it has raised numerous arguments in the *inter partes* proceedings that were not raised before this Court during its litigation of the motion for preliminary injunction. Granting a stay, US Endo says, would potentially save resources for the parties and the Court.

On the other hand, Dentsply argues that the *inter partes* proceedings will not even potentially resolve all issues in the litigation, even if US Endo is successful with respect to its validity arguments on the '773 patent. Dentsply notes that it has also claimed infringement of the '341 patent in this litigation, a matter which would left unaffected by any ruling by the PTAB.[2]

While the Court agrees with US Endo that the PTAB findings might in fact reduce the number of issues that would be litigated in this case, the Court agrees with Dentsply that a stay will not resolve all of the issues in this case and, given the discovery that has already been conducted in connection with the motion for a preliminary injunction, little is to be gained by delaying the regular progression of the case. In light of the fact that the *inter partes* review relates only to the '773 patent, then, defendant has not shown that the outcome of any IPR proceedings would "finally resolve the issues in the litigation." *See Largan Precision Co., Ltd. v. Fuji Film Corp*., 2011 WL 794983, at * 3 (N.D. Cal. March 1, 2011) ("if regardless of the result of the reexamination, there are still claims or counterclaims that need to be resolved by the Court, then reexamination clearly fails to provide a final resolution."). The Court finds that this factor does not weigh in favor of the issuance of the stay.

Finally, the Court considers the stage of the litigation. This action was filed on June 24,

---

[2] There is no indication in the record that US Endo has sought *inter pates* review or reexamination with respect to the '341 patent.

2014, and Dentsply filed a motion for preliminary injunction on July 9, 2014. The Court allowed discovery to proceed as it related to the motion for preliminary injunction and the Court heard two days of evidence on November 25-26, 2014. An order denying the motion for preliminary injunction was filed on November 19, 2015. US Endo argues that the case is in its early stages and has not progressed beyond the limited discovery necessary for the evidentiary hearing on the motion for preliminary injunction. No Rule 26(f) conference has been held and the Court has not entered a scheduling order or set a trial date at this time. US Endo points out that the Court may need to reconsider issues preliminarily decided as part of its preliminary injunction decision, especially issues related to claim construction. In short, US Endo argues that the parties "have, essentially, an entire patent infringement action ahead of them."

Not surprisingly, Dentsply sees the matter differently and argues that the stage of these proceedings weighs against a stay. Dentsply notes that this case was filed some 17 months ago and that the parties and the Court have expended substantial time and efforts in these proceedings with respect to the motion for preliminary injunction. This Court has already heard testimony from Dr. Goldberg, the same expert US Endo is likely to use at trial, and he has been subject to extensive questioning by Dentsply during a deposition.

The Court agrees with Dentsply that to grant a stay at this point in these proceedings would waste a significant amount of the time and resources already committed to this case by the parties and the Court with respect to issues of infringement, validity and irreparable harm. While it is true that no scheduling order has been entered by the Court and no trial date set, it is likely that the case would ultimately remain stayed not just until August, 2016, but also far beyond that date when the Court considers the fact that either party might seek reconsideration before the PTAB and that an appeal to the Federal Circuit might take many additional months. Given that

the *inter partes* review is not likely to resolve all of the issues in the case, and that the outcome of the *inter partes* proceeding will not likely not be known for a period of several years, this factor is, at best a neutral one, but likely weighs against the issuance of a stay.

Having reviewed the relevant factors and considering the totality of the circumstances in this case, the Court finds that the issuance of a stay pending completion of the *inter partes* review would unduly prejudice plaintiff without substantially simplifying the issues before the Court and would not serve the interest of judicial economy. For these reasons, the motion for stay, accordingly, is DENIED.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE